UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-2251(DSD/ECW)

Country Mutual Insurance Company
d/b/a Middleoak
1701 North Towanda Avenue
Bloomington, Il 61701-2057,

and

State Farm Fire and Casualty Co.
1 State Farm Plaza
Bloomington, Il 61701,

   Plaintiffs,

v.               **ORDER**

Broan-Nutone, LLC
926 West State Street
Hartford, WI 53027,

and

A.O. Smith Corporation
11270 West Park Place
Milwaukee, WI 53224,

   Defendants.

  Jonathan P. Parrington, Esq. and Pustorino & Parrington, PLLC, Suite 190, 6800 France Avenue South, Minneapolis, MN 55435, counsel for defendant A.O. Smith Corporation.

  Daniel J. Stahley, Esq. and Provo-Petersen & Associates, PA, 8649 Eagle Point Blvd. Lake Elmo, MN 55042, counsel for defendant Broan-Nutone, LLC.

  This matter is before the court upon defendant A.O. Smith Corporation's motion to dismiss all claims and crossclaims for lack of personal jurisdiction. Based on a review of the file,

record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This dispute arises out of a property damage subrogation action resulting from a fire. Plaintiff Country Mutual Insurance Company is an Illinois corporation with its principal place of business in Illinois. Am. Compl. ¶ 1. Plaintiff State Farm Fire and Casualty Company is an Illinois corporation with its principal place of business in Illinois. Id. ¶ 2. Defendant Broan-Nutone, LLC, is a limited liability company, whose sole member is Nortek, Inc., which is a Delaware corporation with its principal place of business in Rhode Island. Id. ¶ 7. Defendant A.O. Smith Corporation is a Delaware corporation with its principal place of business in Wisconsin. Id. ¶ 8.

On June 28, 2019, a bathroom ceiling fan started a fire in a Shoreview, Minnesota building, damaging two residential units. Id. ¶¶ 3-4, 17. Plaintiffs provided property insurance to the homeowners' association and residents of the damaged units. Id. ¶¶ 3-5. Broan designed, manufactured, assembled, and distributed the fan, and the fan contained an A.O. Smith motor. Id. ¶ 15. Plaintiffs brought this subrogation action against defendants after paying claims on the insurance policies. Id. ¶¶ 5-6.

2

A.O. Smith does not have manufacturing facilities or administrative office in Minnesota. Grant Decl. ¶¶ 6-7. Nor does A.O. Smith have a bank account or property in Minnesota. Id. ¶ 8. It does not have a Minnesota phone number or mailing address. Id. A.O. Smith has one employee in Minnesota, and that employee is not involved in the design, manufacture, or sale of motors.[1] Id. ¶ 19.

A.O. Smith acquired Uppco, Inc. in 1997. Id. ¶ 10. Until 2011, when A.O. Smith sold its motor division, Uppco and A.O. Smith manufactured and sold motors to Broan for use in its fans. Id. ¶¶ 11, 18. Neither Uppco or A.O. Smith: (1) had operational facilities in Minnesota; (2) designed, developed, or manufactured any motor components, including those sold to Broan, in Minnesota; (3) shipped motors to Broan within Minnesota; and (4) participated in the final assembly or sale of Broan's products or fans. Id. ¶¶ 12-17.

A.O. Smith operates a website that allows consumers to find the following information about its water heater products – but not its motor products. See Stahey Aff. Ex. 1. Users may find third-party retailers of A.O. Smith products in Minnesota - of

---

[1] Broan provides an exhibit containing ten LinkedIn profiles of persons who are located in Minnesota and purport to work at A.O. Smith, but only two of the profiles provide names. See Stahey Aff. Ex. 8. A.O. Smith identifies one as the profile of a former employee who worked there until 2003, and the other as the profile of a board member who was elected after the filing of this action. See Franz Decl. ¶ 4; Duke Decl. ¶ 4. The remaining profiles appear to be bogus.

3

which there are ten – and can ask for pricing.  Id. Ex. 2; Id. ¶ 2.  Users may also find third-party water heater technicians in Minnesota.  Id. Ex. 3; Id. ¶ 4.  A.O. Smith also provides rebates for its water heaters at Minnesota retail locations.  Id. Ex. 9.  Users may also search for local service providers for A.O. Smith water heater products, of which there are six Minnesota providers in the Minneapolis area.  Id. Ex. 11.

On October 29, 2020, plaintiffs commenced this suit, and soon after filed an amended complaint.  See ECF Nos. 1, 8.  Plaintiffs bring strict liability, negligence, and breach of warranties claims against defendants.  Broan and A.O. Smith have filed crossclaims against each other for indemnity and contribution.  See ECF Nos. 12, 13, 16.  On March 1, 2021, A.O. Smith moved to dismiss all claims and crossclaims for lack of personal jurisdiction.  Defendant Broan and plaintiffs oppose A.O. Smith's motion.[2]

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that

---

[2] Broan filed a memorandum opposing the motion.  See ECF No. 34.  Plaintiffs incorporate by reference Broan's memorandum in opposition.  See ECF Nos. 35-36.

4

the forum state has personal jurisdiction over the defendant. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (citations omitted). In the absence of an evidentiary hearing, the court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). The court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." Pederson v. Frost, 951 F.3d 977, 979 (8th Cir. 2020) (citation omitted).

**II. Analysis**

A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted). Whether the exercise of personal jurisdiction over a defendant comports with due process depends on whether the defendant has sufficient contacts with Minnesota such that it "should reasonably anticipate being haled into court" here. World-

5

Wide Volkswagen v. Woodson, 444 U.S. 286, 292 (1980); see also Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). The court looks to a defendant's contacts with the forum state to determine whether it has "purposefully avail[ed] itself of the privilege of conducting activities" in that state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

A defendant's contacts with the forum state may allow the court to exercise jurisdiction that is either general or specific. Id. at 473 n.15; see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011). Under the Due Process Clause, the court may exercise general jurisdiction "to hear 'any and all claims against' a defendant if its 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979 (8th Cir. 2015) (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)). Alternatively, the court may exercise specific jurisdiction when the defendant has sufficient minimum contacts with the forum state and the cause of action arises from those contacts. Id. at 979–80 (citing Daimler, 571 U.S. at 127).

As a preliminary matter, the court does not have general jurisdiction over A.O. Smith. A corporation is deemed "at home" at its place of incorporation, principal place of business, or in

an "exceptional case." Daimler, 571 U.S. at 760, 761 n.19. A.O. Smith is not incorporated and does not have its principal place of business in Minnesota. Furthermore, Broan and plaintiffs do not argue that these circumstances warrant exercise of general jurisdiction under an "exceptional case." Consequently, the court cannot exercise general jurisdiction over A.O. Smith.

The question, then, is whether the court has specific jurisdiction over A.O. Smith. It does not. The key to this issue is whether "the defendant's suit-related conduct ... create[d] a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014). Broan and plaintiffs argue that A.O. Smith's water heater website, which refers customers to third-party retailers and technicians, creates significant contacts with Minnesota. Here, however, the suit-related conduct relates to A.O. Smith's fan motors, not its water heaters. A.O. Smith never designed, manufactured, or sold motors in or to Minnesota. A.O. Smith never assembled or distributed Broan's bathroom fans anywhere, let alone in Minnesota. Under these circumstances, A.O. Smith's suit-related conduct does not create a substantial connection with Minnesota.

Additionally, A.O. Smith's supply of a component part to Broan in its bathroom fan does not lead to a finding that it "purposefully avails itself of the privilege of conducting activities" in Minnesota. Hanson v. Denckla, 357 U.S. 235, 253

7

(1958). It is simply not enough for A.O. Smith to supply a component part of a bathroom fan that Broan then sold in Minnesota. See Stanton v. St. Jude Med., Inc., 340 F.3d 690, 694 (8th Cir. 2003) (affirming dismissal for lack of personal jurisdiction on similar grounds). A.O. Smith's motor was in Minnesota because of Broan's actions, not A.O. Smith's. See id. ("Whatever contacts the [component product] processed by [movant] may have had with [the forum state] were the result of the actions of [codefendant] and not of [movant]."). The court cannot exercise specific jurisdiction over A.O. Smith given these facts.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 27] is granted; and

2. Defendant A.O. Smith is dismissed from this action with prejudice.

Date: July 1, 2021

/s David S. Doty  
David S. Doty, Judge  
United States District Court